UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (Ctx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | Ramon Urbina, re., et al. v. Goodyear Tire & Rubber Co., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Daniel McCann |
| | Sara Skocilich |

**Proceedings:** **Defendants' Motion for Terminating Sanctions Against Plaintiff Ramon Urbina, Sr.** (filed 06/10/08)

## I.   INTRODUCTION

On January 19, 2007, plaintiffs filed suit against Goodyear Tire & Rubber Co. ("Goodyear"), Chrysler LLC ("Chrysler"), erroneously sued as Chrysler Jeep, and Does 1-100 in the Los Angeles County Superior Court.[1]  On June 7, 2007, Goodyear removed the action to this Court.[2]  The action arises from a single vehicle automobile accident involving a 1994 Jeep Grand Cherokee driven by plaintiff Ramon Urbina, Sr. ("Urbina") on December 29, 2005.  Mara Gonzalez, Alvin Gonzalez, and Jazmine Martinez were killed.  Esperanza Gonzalez, Ramon Urbina, Sr., and R.U., were injured.

On June 10, 2008, defendant Chrysler filed the present motion for terminating sanctions against plaintiff Urbina based on its claim that Urbina has failed to comply with

---

[1] Plaintiffs are Ramon Urbina, Sr., R.U., a minor, by and through his guardian ad litem, Esperanza Gonzalez, also an individual and as successor in interest to decedents Maria Gonzalez, Alvin Gonzalez, and Jazmine Martinez; Violet Martinez as successor in interest to decedents Maria Gonzalez, Alvin Gonzalez, and Jazmine Martinez; Santiago Gonzalez as successor in interest to decedents Maria Gonzalez and Alvin Gonzalez; Veronica Gonzalez, as successor in interest to Maria Gonzalez, Alvin Gonzalez, and Jazmine Martinez.

[2] At the time of Goodyear's removal, Chrysler had not yet been served.  Chrysler was served on or about September 4, 2007.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (Ctx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | Ramon Urbina, re., et al. v. Goodyear Tire & Rubber Co., et al. | | |

a court order compelling discovery. Goodyear joined Chrysler's motion for terminating sanctions in the joint stipulation on resolved matters filed in support thereof. The motion was incorrectly noticed before Magistrate Judge Carolyn Turchin (the "Magistrate Judge"), and subsequently transferred to this Court. The dispute arises from Urbina's failure to appear at noticed depositions, and to provide verified or supplemental interrogatory responses.[3]

## II. BACKGROUND

### A. DEPOSITION

Defendants represent that Chrysler's counsel telephoned plaintiffs' counsel to obtain dates for plaintiffs' depositions on January 25, 2008. Plaintiffs' counsel did not return the telephone call. Chrysler's counsel then sent plaintiffs' counsel a letter requesting dates for these depositions, and stating that if dates were not provided by February 1, 2008, Chrysler would unilaterally set the deposition dates. Plaintiffs' counsel did not respond to this letter. Chrysler's counsel again telephoned plaintiffs' counsel on February 7, 2008, and spoke with Sonia Revolorio, assistant to plaintiffs' counsel. Defendants represent that Revolorio stated that she would contact Chrysler with available deposition dates. On this same day, Chrysler's counsel sent a notice of plaintiffs' depositions, indicating that Urbina would be deposed on March 5, 2008.

By letter dated February 27, 2008, plaintiffs' counsel informed Chrysler that Urbina would not be available on March 5, 2008. Plaintiffs' counsel also states therein that Chrysler was previously informed of this date's unsuitability. Plaintiffs' counsel indicated that he would soon provide dates for, among other things, Urbina's deposition.

Then, by letter March 7, 2008, plaintiffs informed Chrysler that
Ramon Urbina, Sr. was in Mexico a few weeks ago and may still be out of
the country since we have not been able to make contact with im. We will
continue to try to make contact with him and advice accordingly.

---

[3] By order dated July 3, 2008, this Court ordered plaintiffs to file an opposition to Chrysler's instant motion by July 14, 2008. Plaintiffs have failed to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (Ctx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | Ramon Urbina, re., et al. v. Goodyear Tire & Rubber Co., et al. | | |

Mot., Ex. F (Letter from Revolorio to Rod J. Cappy of March 7, 2008).

On March 10, 2008, Chrysler offered to split the costs to bring Urbina to California from Mexico for the purpose of taking his deposition. Chrysler also informed plaintiffs that if they did not provide a deposition date in the next week, it would file a motion to compel, and that it would also request the imposition of sanctions. Plaintiffs did not respond.

On March 24, 2008, Chrysler's counsel sent plaintiffs' counsel a meet and confer letter regarding Urbina's failure to appear for his scheduled deposition.

Counsel for Chrysler and Urbina engaged in a telephonic meet and confer on March 27, 2008. According to defendants, during that meeting plaintiffs' counsel stated that he was unable to contact Urbina or to proceed on his behalf, and that he therefore intended to file a motion to be relieved as counsel, or in the alternative, to obtain authorization from Urbina to dismiss the complaint on his behalf. However, plaintiffs' counsel has not filed any such motion to date.

### B.   INTERROGATORIES

On January 25, 2008, Chrysler propounded its first set of interrogatories to plaintiff Urbina. On February 27, 2008, Urbina served his unverified responses. On March 19, 2008, Chrysler sent plaintiffs' counsel a letter addressing, among other things, Urbina's failure to file verified responses and other substantive defects in his responses. On March 27, 2008, plaintiffs' counsel informed Chrysler that he was unable to contact Urbina.

### C.   MAGISTRATE JUDGE'S ORDERS

On May 12, 2008, Chrysler filed a motion for terminating sanctions against Urbina, or in the alternative, for an order compelling Urbina to submit to a deposition, and to serve verified answers to interrogatories. Goodyear filed a notice of joinder in Chrysler's motion. In the joint stipulation filed in support of Chrysler's motion for terminating sanctions, plaintiffs' counsel stated that Urbina was non-cooperative.

By order dated May 15, 2008, the Magistrate Judge denied defendants' motion for terminating sanctions, finding that dismissal of the action was not warranted at that time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (Ctx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | Ramon Urbina, re., et al. v. Goodyear Tire & Rubber Co., et al. | | |

However, the Magistrate Judge ordered Urbina to appear for his deposition no later than May 30, 2008. The Magistrate Judge also ordered Urbina to provide verified responses to Chrysler's interrogatories and any supplemental responses to those interrogatories within fourteen days. The Magistrate Judge cautioned Urbina that the failure to comply with discovery orders may result in the imposition of sanctions or the dismissal of the action.

Urbina failed to submit to the deposition as ordered. He also failed to serve any verified or supplemental interrogatory responses. As such, on June 10, 2008, defendants moved the Magistrate Judge for an order terminating sanctions.[4] In the joint stipulation in support of the motion for terminating sanctions, plaintiffs' counsel again represents that Urbina will not cooperate. By order dated July 3, 2008, the Magistrate Judge recommended dismissal of this action as to plaintiff Urbina.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides that sanctions may be granted for failure to cooperate in discovery and for failure to comply with the court's orders. Although Rule 37 provides for sanctions up to and including striking the offending party's pleadings, the Ninth Circuit requires that courts examine several factors when considering whether imposition of such severe sanctions is warranted. The court should consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990). Since "the first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction," the two factors that are usually decisive are the risk of prejudice to the party seeking sanctions, and whether less drastic sanctions are available. Id. However, dismissal "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986). Indeed, to justify such a harsh penalty the district court must find that the violations were "due to willfulness, bad faith, or fault of the party." Wyle v.

---

[4] This motion was improperly noticed before the Magistrate Judge. See 28 U.S.C. § 636(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (Ctx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | Ramon Urbina, re., et al. v. Goodyear Tire & Rubber Co., et al. | | |

R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983).

## IV.   DISCUSSION

Defendants argue that Urbina's failure to provide the requested information has significantly prejudiced them because Urbina has "unique knowledge" essential to this action. Mot. at 9. In this regard, defendants contend that Urbina was the driver of the vehicle at issue here, only he knows where the vehicle was purchased, what repairs and maintenance were done on the vehicle, and where the allegedly defective tires were purchased and installed. Defendants further assert that Urbina possesses information relevant to his alleged damages. Defendants maintain that Urbina's repeated failure to cooperate in discovery, by failing to provide the requested information, has prejudiced it in its ability to adequately prepare for trial. Defendants urge that Urbina's discovery violations are willful. According to defendants, this Court's interest in managing its docket and the public's interest in expeditious resolution of litigation also favor granting the requested relief. Finally, defendants argue that terminating sanctions are appropriate because they obtained an order compelling Urbina to submit to a deposition and to serve interrogatories, and Urbina failed to comply therewith.

Here, the fact discovery cut-off date is August 1, 2008, and trial is scheduled for February 3, 2009. Urbina's failure to fulfill his discovery obligations interferes with this Court's ability to manage its docket. Additionally, the public's interest in expeditious resolution of this case favors dismissal. Further, Urbina's failure to submit to a deposition and to properly respond to Chrysler's interrogatories, and his noncompliance with the Magistrate Judge's order has prejudiced defendants' ability to prepare for trial. Adriana Intl. Corp. v. Lewis & Co., 913 F.2d 1406, 1411 (9th Cir. 1990) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."). Moreover, a review of the record, which shows that Urbina has failed to cooperate with his own counsel, has failed to respond to Chrysler's numerous requests, has failed to comply with the Magistrate Judge's prior order, and has failed to offer any explanation for the foregoing, demonstrates that Urbina's noncompliance is willful. See Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (stating that only "willfulness, bad faith, and fault" justify terminating sanctions); see also Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) (holding that plaintiff's repeated failure to comply with discovery requests and court orders manifested requisite fault); Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (Ctx) | Date | August 4, 2008 |
|---|---|---|---|
| Title | Ramon Urbina, re., et al. v. Goodyear Tire & Rubber Co., et al. | | |

1994) ("Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."). The Magistrate Judge previously warned Urbina of the possibility of dismissal if his noncompliance continued. In light of all these facts, it does not appear that monetary or other sanctions will be an effective alternative to dismissal. See Malone v. U.S. Postal Service, 833 F.2d 128, 132 (9th Cir. 1987) (explaining that three factors are relevant to inquiry as to whether the district court considered alternative sanctions: ("1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?"). The Court therefore concludes, based on a finding of willful noncompliance and consideration of the relevant factors, that dismissal is warranted as a result of plaintiff Urbina's failure to comply with his discovery obligations.[5]

### IV.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' instant motion for terminating sanctions, and dismisses Urbina's action against defendants based on Urbina's failure to comply with discovery requests and the Magistrate Judge's prior order.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[5] In the event that plaintiffs intend to call Urbina as a witness during trial, the Court will reopen discovery to permit defendants to depose him.