1

2

3

4

**YOKA & SMITH, LLP**
**777 South Figueroa St., Suite 4200**
**Los Angeles, California 90017**
**Phone:  (213) 427-2300**
**Fax:      (213) 427-2330**

5

6

7

WALTER M. YOKA, Bar #94536, ANTHONY F. LATIOLAIT, Bar # 132378;
DANIEL F. McCANN, Bar #185546
Attorneys for Defendant, THE GOODYEAR TIRE & RUBBER COMPANY

8

9

10

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| RAMON URBINA, SR., an individual; RAMON URBINA, JR., a minor by and through his Guardian ad Litem ESPERANZA GONZALEZ, also an individual and as successor in interest to MARIA GONZALEZ, ALVIN GONZALEZ and JAZMINE MARTINEZ; VIOLET MARTINEZ as successor in interest to decedents MARIA GONZALEZ, ALVIN GONZALEZ and JAZMINE MARTINEZ; SANTIAGO GONZALEZ as successor in interest to decedents MARIA GONZALEZ, and ALVIN GONZALEZ; VERONICA GONZALEZ, as successor in interest to MARIA GONZALEZ, ALVIN GONZALEZ, and JAZMINE MARTINEZ,<br><br>            Plaintiff,<br>      vs.<br><br>THE GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation; CHRYSLER JEEP, a business entity, form unknown, and DOES 1-100, inclusive<br><br>            Defendants.<br>_____ | Case No.:  **CV07-3705 CAS (CTx)**<br><br>[Originally filed in Los Angeles County, Los Angeles Superior Court Case No.: Case No.:  BC364956]<br><br>**<u>NOTE: CHANGES MADE BY THE COURT</u>**<br><br>**THE GOODYEAR TIRE & RUBBER COMPANY'S ~~PROPOSED~~ PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED BY THE GOODYEAR TIRE & RUBBER COMPANY; AND ORDER THEREON**<br><br>Assigned to the Honorable Christina A. Snyder |

1

1     This matter is before the Court pursuant to the Court's order of August 26,
2     2008 for the Goodyear Tire & Rubber Company's ("Goodyear") Motion for Entry of
3     Protective Order.  Being fully advised, the Court finds that Goodyear may identify
4     and produce documents and information that are proprietary and confidential.
5     Further, discovery requests may be made calling for Goodyear to produce
6     documents and information which is proprietary and confidential.   Additional
7     requests for such proprietary and confidential information are likely to be made at
8     depositions and other proceedings.  It will facilitate discovery, without prejudice to
9     any party, to enter the following Protective Order.
10          Conversely, Goodyear will be severely prejudiced and harmed in the event the
11    following Protective Order is not entered.  The information sought in discovery was
12    developed at great expense, is maintained in confidence within Goodyear, and is not
13    available to the general public or to any Goodyear competitor. The tire industry is
14    highly competitive.  Goodyear's competitors can realize substantial cost savings in
15    reduced development time and the avoidance of the significant costs associated with
16    the design, development and testing of tires for production should the documents
17    requested not be protected.  If no protection is granted the documents to be produced
18    the competitive advantage Goodyear has developed over the years would be severely
19    and unfairly reduced.  Likewise, if such protection lacks the force of a court order,
20    recipients of the information have no incentive to protect its confidentiality and the
21    competitive advantage Goodyear has developed over the years would be similarly
22    severely and unfairly reduced.  Moreover, Goodyear would not be compensated for
23    loss of this valuable information.
24          Any application to file documents under seal shall comply with Local Rule
25    79-5, even if the documents are designated confidential.
26          The following restrictions shall be observed as to the Confidential Documents
27    and Information produced by Goodyear pursuant to this ORDER:
28    ///

## I.    Definitions

A.    Information designated as "Confidential" or "Confidential Information" or "Confidential Material" shall be considered trade secret and fully protected by this ORDER.  All portions of transcripts, depositions, exhibits, or other pleadings or filings in this action which relate to, contain or otherwise set forth documents, information, or other materials, or contents thereof, including those items which have been previously designated as Confidential, shall likewise be subject to the terms of this ORDER.

Such confidential information and material may include the following categories, but only to the extent they embody trade secrets or confidential information as set forth in paragraph 7 <u>infra</u>.

1) tire development;

2) tire design;

3) tire specifications;

4) internal tire testing procedures and results;

5) rubber and chemical compound formulas;

6) adjustment data;

7) quality control procedures; and

8) plant operation procedures.

All of the foregoing information sought in discovery was developed at great expense, is maintained in confidence within Goodyear, and is not available to the general public or to any Goodyear competitor. Disclosure of such information without an appropriate protective order would unfairly deprive Goodyear of the competitive advantage it has developed over the years through investment in tire technology.

B.    "Communicate" (or variants of this verb) means to disclose, show, give, imply, list, describe, provide, make available, furnish or allow exposure of information in any fashion to any person, including without limitation any mailing, faxing, hand delivery, photograph, electronic, digital or any other duplication method.

C.  "Copy" or "Copies" means reproductions made through any process, including but not limited to photocopying or photographic, any form of reproduction, manual recopying, microfilm, dictation, or mechanical, visual, digital or electronic duplication which in any way attempts to produce the substance, form, or intent of information;

D.  "Document" or "Documents" includes all written, recorded, digital, electronic or graphic material, whether produced or created by a party or another person and whether produced pursuant to Rule 34, pursuant to subpoena, by agreement or otherwise and includes both those items of a tangible nature and any computer files;

E.  "Party" means any person or entity named in this litigation and any of their affiliated persons or entities;

F.  "Person" means any natural person, or any legal or business entity, profit or nonprofit organizations, or any governmental agency;

G.  For purposes of this ORDER, "conclusion of this litigation" means the execution of a settlement agreement or release disposing of all claims, entry of final judgment or the exhaustion of appeals or the expiration of time for appeals.

## II.    Restrictions

1.    Confidential Documents and the Information contained therein shall be used by the parties and those persons identified in Paragraph 2 only for the purpose of the prosecution or defense of this captioned action, and shall not be communicated in any manner to anyone other than those persons identified in Paragraph 2, without order of the Court after due notice to Goodyear.  Each and every Confidential document produced (including copies, excerpts, digests, summaries or indices thereof) by Goodyear shall be clearly marked and identified with the legend:

///

///

///

///

**CONFIDENTIAL**

**THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN RAMON URBINA, SR., an individual, et al. v. THE GOODYEAR TIRE AND RUBBER COMPANY, an Ohio corporation, et al. and DOES 1-100, inclusive, NO. CV07-3705 CAS (CTx), AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER.**

In the event any party creates a computer database, disk, compact disk, drive, digital or other electronic record containing Confidential Documents or Information, the party creating such an electronic record shall mark the case or envelope containing the material with the language contained in Paragraph 1.  Documents printed from such electronic media shall be marked the same as documents originally produced on paper.

2.     Confidential Documents and Information shall not be given, shown, made available, discussed or otherwise communicated in any way except to a "Covered Person," defined as follows:

a.     The Court or Courts in which this litigation is being pursued;

b.     The party or a person employed by a corporate party who is participating in the management of this litigation and the preparation of this case for trial;

c.     The attorneys of record for the parties and their associated attorneys, including the employees of any such attorneys to whom it is necessary that the material be shown for purposes of this litigation; and

d.     Independent professional engineers, accident reconstruction or other independent experts retained by a party or an attorney of record to assist in the preparation of this litigation.

///

///

5

3.     Before disclosing Confidential Documents or Information to any Covered Person who is a competitor or an employee of or consultant to a competitor of Goodyear, the party wishing to make disclosure shall give at least 10 days advance notice in writing to counsel for Goodyear, stating the name and address of the person to whom disclosure is intended and identifying the Confidential Information or Documents to be disclosed.  If within the 10-day period Goodyear files a motion objecting to the disclosure, disclosure shall not be made until the Court rules upon the motion.

4.     No Confidential Documents shall be transmitted by email to a covered person, but shall only be transmitted on discs or other physical media.

5.     Deposition testimony relating to or discussing Goodyear's Confidential Information shall be protected under this ORDER and the entire transcript including such testimony shall be treated as confidential for a period of 30 days after the court reporter serves copies of the transcript on the parties.  Within those 30 days, counsel for Goodyear shall serve on all counsel of record a designation of confidentiality that identifies by page those pages to be marked with the Confidential legend of Paragraph 1.  Thereafter any party opposing that designation has 30 days from the service of the designation to file a motion challenging the scope of the designation of confidentiality.  The transcripts of such deposition testimony shall be treated the same under this ORDER as other documents marked Confidential.  The court reporter and videographer, if any, for any such deposition, shall be provided a copy of this ORDER by the party at whose instance the deposition is taken, shall acknowledge this ORDER on the record and shall not disclose to anyone other than those specified in paragraph 2 any deposition testimony or exhibit in this case.

6.     Confidential Documents and Information shall not be given, shown, made available, discussed or otherwise communicated to anyone other than the attorneys of record for a party without first informing them of the contents of this ORDER.  In the case of persons specified in 2(d) hereinabove, counsel shall obtain

from such person a signed acknowledgment, in the form attached hereto as EXHIBIT A, that the person:

        a.    is familiar with the terms of this ORDER and agrees to comply with and be bound by them, and

        b.    submits to the jurisdiction of this Court for the purposes of enforcement of this ORDER.

Within ten (10) days after making a disclosure authorized by paragraph 2, counsel making such disclosure shall file under seal, the original acknowledgment (Exhibit A), and a description of the Confidential Documents and/or Information disclosed to each signer, and shall serve upon counsel for Goodyear a written notice identifying the Documents and/or Information disclosed, and the number of people to whom each disclosure was made.

        7.    Any party to this litigation may challenge a "Confidential" designation pursuant to the requirements of Local Rule 37 within 30 days of the receipt of the Confidential Documents or Information.  The party challenging the designation shall provide 10 days' notice to Goodyear of the documents or information at issue, so that Goodyear can request that the documents and information be filed under seal and disclosed only *in camera*.  Pending a ruling of the Court, the challenged Document or Information shall continue to be treated as Confidential under this ORDER.

        8.    If writings submitted to or filed with the Court in connection with any pre-trial proceedings contain, set forth, summarize or otherwise disclose Confidential Documents or Information, the party filing or submitting such writings shall provide 10 days' notice to Goodyear of the documents or information proposed to be submitted or filed, so that Goodyear can request that the documents or information be filed under seal pursuant to and consistent with the provisions of Local Rule 79-5 et seq. and disclosed only *in camera*.

9.     At the trial of this cause, the parties agree that the protection of the confidentiality of Confidential documents shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

10.     If any party or person that has obtained Confidential Documents or Information under the terms of this ORDER receives a subpoena or other legal process commanding the production of any such Confidential Documents or Information ("the subpoena"), such party or person shall promptly notify counsel for Goodyear of the service of the subpoena.   The party or person receiving the subpoena shall not produce any Confidential Document or Information in response to the subpoena without either the prior written consent of Goodyear, through its counsel or an order of a court of this Court.   However, Goodyear shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

11.     The inadvertent production in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as Goodyear or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity.  Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify Goodyear or person that it has done so.  Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protections or immunity.

12.     Within twenty-one (21) days after the conclusion of this litigation, unless the Court orders otherwise, Counsel for any party who received Confidential Documents or Information shall request from all persons to whom Confidential Documents and Information have been provided an affidavit in the form of Exhibit

B hereto.  The request shall include notification to the recipients that the litigation has concluded.  Copies of such requests shall be filed, under seal, with the Court.

13.     Within fourteen (14) days of receipt of notice of the conclusion of this litigation, each Covered Person under paragraph 2b and 2d of this ORDER shall:

a.     return to counsel for Goodyear all Confidential Documents and all documentary materials reflecting Confidential Information which are in his/her possession, custody or control, and

b.     serve upon Goodyear's counsel an affidavit in the form of EXHIBIT B, attesting that he/she has returned all Confidential Documents and Information.

14.     Unless the Court orders otherwise, within sixty (60) days after the conclusion of this litigation, every counsel who has received the Confidential Documents or Information of Goodyear's shall:

a.     Return the original and all copies of the Confidential Documents provided by Goodyear which are in the possession, custody or control of such counsel; and

b.     Either deliver to counsel for Goodyear all documentary materials reflecting information contained in or derived from Confidential Documents provided by Goodyear which are in the possession, custody or control of such counsel; OR

c.     destroy such documentary materials, and notify counsel for Goodyear in writing that such action has been taken; and

d.     furnish to Goodyear all executed affidavits; and

e.     Inform counsel for Goodyear in writing of the identity of any Confidential Documents or Information contained in or derived from such documents, known to such counsel, which have *not* been returned and/or destroyed in the manner required by this ORDER, and the identity of any

person who has failed to return each such Confidential Document and/or item of Confidential Information.

15.     Nothing in this ORDER shall limit or otherwise affect:

a.     the rights of any party to object to any further production or use at trial of Confidential Documents or the Information contained therein; or

b.     the rights of any party to seek a more restrictive treatment of highly confidential information.

16.     At the conclusion of this litigation, the Court shall retain jurisdiction in the case for enforcement of this ORDER.

17.     By their signature upon the stipulation for the entry of this ORDER and their signatures below, counsel for the parties signify their understanding of this ORDER and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court.  The attorneys of record are responsible for employing reasonable measures, consistent with this ORDER, to control duplication of, access to and distribution of copies of Confidential information and to collect or destroy all documents at the conclusion of this litigation.

Dated: September 23, 2008

_____
HONORABLE CHRISTINA A. SNYDER

1  **YOKA & SMITH, LLP**
2  **777 South Figueroa St., Suite 4200**
   **Los Angeles, California 90017**
3  **Phone:  (213) 427-2300**
4  **Fax:      (213) 427-2330**

5  WALTER M. YOKA, Bar #94536, ANTHONY F. LATIOLAIT, Bar # 132378;
6  DANIEL F. McCANN, Bar #185546
7  Attorneys for Defendant, THE GOODYEAR TIRE & RUBBER COMPANY

8              **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

10

11 RAMON URBINA, SR., an individual;      )   Case No.:  **CV07-3705 CAS (CTx)**
   RAMON URBINA, JR., a minor by and      )
12 through his Guardian ad Litem           )   [Originally filed in Los Angeles
   ESPERANZA GONZALEZ, also an            )   County, Los Angeles Superior Court
13 individual and as successor in interest to )   Case No.: Case No.:  BC364956]
   MARIA GONZALEZ, ALVIN GONZALEZ        )
14 and JAZMINE MARTINEZ; VIOLET           )
15 MARTINEZ as successor in interest to    )   **EXHIBIT A TO PROTECTIVE**
   decedents MARIA GONZALEZ, ALVIN       )   **ORDER**
16 GONZALEZ and JAZMINE MARTINEZ;        )
17 SANTIAGO GONZALEZ as successor in      )
   interest to decedents MARIA GONZALEZ,   )
18 and ALVIN GONZALEZ; VERONICA          )
19 GONZALEZ, as successor in interest to    )   Assigned to the Honorable Christina
   MARIA GONZALEZ, ALVIN GONZALEZ,      )   A. Snyder
20 and JAZMINE MARTINEZ,                 )
21                                         )
22                                         )
              Plaintiff,                    )
23                                         )
       vs.                                 )
24                                         )
25 THE GOODYEAR TIRE & RUBBER           )
   COMPANY, an Ohio Corporation;         )
26 CHRYSLER JEEP, a business entity, form  )
27 unknown, and DOES 1-100, inclusive     )
                                          )
28                                         )
              Defendants.                  )
   _____)

                            1

The undersigned states subject to the penalties for perjury:

1.      I have been retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2.      I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential information.

3.      I promise to abide by the Protective Order with respect to Confidential documents and information furnished to me in this litigation.

4.      As a condition to receipt of documents marked Confidential in this litigation, I consent to personal jurisdiction over me in the U.S. District Court, Central District of California, solely for the purpose of enforcing the Protective Order.

Signed: _____

_____
Print Name

_____                    Signed this ____ day of _____, 200__.
Address

_____
City, state, zip

1  **YOKA & SMITH, LLP**
2  **777 South Figueroa St., Suite 4200**
3  **Los Angeles, California 90017**
   **Phone:  (213) 427-2300**
4  **Fax:       (213) 427-2330**

5  WALTER M. YOKA, Bar #94536, ANTHONY F. LATIOLAIT, Bar # 132378;
6  DANIEL F. McCANN, Bar #185546
7  Attorneys for Defendant, THE GOODYEAR TIRE & RUBBER COMPANY

8  ### UNITED STATES DISTRICT COURT

9  ### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11 RAMON URBINA, SR., an individual;      )  Case No.:  **CV07-3705 CAS (CTx)**
12 RAMON URBINA, JR., a minor by and      )
   through his Guardian ad Litem          )  [Originally filed in Los Angeles
13 ESPERANZA GONZALEZ, also an            )  County, Los Angeles Superior Court
   individual and as successor in interest to )  Case No.: Case No.:  BC364956]
14 MARIA GONZALEZ, ALVIN GONZALEZ        )
15 and JAZMINE MARTINEZ; VIOLET          )  **EXHIBIT B TO PROTECTIVE**
   MARTINEZ as successor in interest to   )  **ORDER**
16 decedents MARIA GONZALEZ, ALVIN       )
17 GONZALEZ and JAZMINE MARTINEZ;        )
   SANTIAGO GONZALEZ as successor in     )
18 interest to decedents MARIA GONZALEZ,  )
19 and ALVIN GONZALEZ; VERONICA          )
   GONZALEZ, as successor in interest to  )  Assigned to the Honorable Christina
20 MARIA GONZALEZ, ALVIN GONZALEZ,       )  A. Snyder
21 and JAZMINE MARTINEZ,                  )
22                                        )
23               Plaintiff,               )
      vs.                                 )
24                                        )
25 THE GOODYEAR TIRE & RUBBER            )
   COMPANY, an Ohio Corporation;          )
26 CHRYSLER JEEP, a business entity, form )
27 unknown, and DOES 1-100, inclusive     )
                                          )
28              Defendants.               )
   _____)

1

The undersigned states subject to the penalties for perjury:

1.      I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2.      I have been furnished a copy of the Protective Order entered in this case restricting the use of confidential information.

3.      I have received notice that this litigation has concluded.

4.      I certify that I have [destroyed] [returned] all of the documents protected by the Protective Order, including the documentary materials reflecting information contained in or derived from such documents.

Signed:  _____

_____
Print Name

Signed this ____ day of _____, 200__.

_____
Address

_____
City, state, zip