UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:** **(In Chambers): CHRYSLER DEFENDANT'S MOTION FOR GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6** (filed 09/15/08)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 27, 2008, is hereby vacated, and the matter is hereby taken under submission.

## I.     BACKGROUND AND INTRODUCTION

On January 29, 2005, Ramon Urbina, Sr., was driving a 1994 Jeep Grand Cherokee southbound on State Route 86 when the vehicle's left front tire separated and caused the vehicle to rollover. First Amended Compl. ("FAC") ¶ 13. There were five passengers in the vehicle: Esperanza Gonzalez, Maria Gonzalez, Jazmine Martinez, Alvin Gonzalez, and Ramon Urbina, Jr. Jazmine Martinez, Alvin Gonzales, and Maria Gonzalez died in the accident. On January 19, 2007, plaintiffs Ramon Urbina, Sr., Ramon Urbina, Jr., Esperanza Gonzalez, Violet Martinez, Santiago Gonzalez, and Veronica Gonzalez filed suit against The Goodyear Tire & Rubber Company ("Goodyear") and Chrysler Jeep. On August 21, 2008, plaintiffs Ramon Urbina, Jr. (sometimes referred to in the complaint as "Raymond Urbina, Jr."), through his guardian ad litem Esperanza Gonzalez, Esperanza Gonzalez, as successor in interest to decedents Santiago Gonzalez, Maria Gonzalez, Alvin Gonzalez, and Jazmine Martinez, and Veronica Gonzalez filed their FAC against defendants Goodyear and Chrysler LLC ("Chrysler").

Plaintiffs allege claims against Chrysler for strict products liability, negligence, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

breach of express and implied warranties. FAC ¶¶ 38-61. On August 13, 2008, Chrysler and plaintiffs attended a voluntary settlement conference and agreed to settle th matter for $135,000. Cappy Decl. ¶ 4. Plaintiffs also agreed to obtain a minor's compromise for Ramon Urbina, Jr. Id.

On September 15, 2008, Chrysler filed the instant motion for a determination that their settlement agreement with plaintiffs was made in good faith as required by Cal. Code Civ. P. § 877.6. No opposition has been filed to the instant motion. The Court finds and concludes as follows.

## II. LEGAL STANDARD

In determining whether a settlement was entered into in good faith for the purposes of Cal. Code Civ. P. § 877.6, courts are to consider several factors, including "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial." Tech-Bilt, Inc. v. Woodward-Clyde & Associates, 38 Cal. 3d 488, 499 (1985). Other relevant considerations include "the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." Id.

## III. DISCUSSION

Chrysler argues that the settlement is reasonable because Chrysler did not cause the accident. Chrysler contends that the accident was caused by Ramon Urbina, Sr., or the defective tire, and that only one of the passengers in the vehicle was wearing a seatbelt. Mot. at 18. Chrysler further contends that none of the plaintiffs have sustained "enhanced injuries" as a result of the alleged defects and therefore it would not be liable for their injuries under the "crashworthiness or second collision doctrine." Id. at 19 (citing Endicott v. Nissan Motor Corp., 73 Cal. App. 3d. 917, 926-28; Soule v. General Motors Corp., 8 Cal. 4th 548, 572-73 (1994)). Furthermore, Chrysler argues that the settlement amount is reasonable given plaintiffs' demand of $350,000. Id. at 20.

The Court concludes that the settlement was entered into in good faith. The party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

opposing a good faith settlement has the burden of showing that it was not entered into in good faith. Tech-Bilt, 38 Cal. 3d at 499. In the instant case, no party opposes a finding that the settlement was made in good faith. Furthermore, given the nature and value of plaintiffs' claims, plaintiffs' demand of $350,000, and Chrysler's proportionate liability exposure, the Court concludes that $135,000 is a reasonable settlement of plaintiffs' claims. Furthermore, there is no evidence of collusion or fraud aimed at injuring the interests of the nonsettling defendant. Id.

**V.   CONCLUSION**

In accordance with the foregoing, the Court GRANTS Chrysler's motion.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |