UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Stephen Doorlag

Attorneys Present for Defendants:

Walter Yoka

**Proceedings:**     **DEFENDANT'S MOTION RE: OBJECTION TO MAGISTRATE JUDGE'S RULING ON NONDISPOSITIVE MATTER AND MOTION FOR REVIEW** (filed 01/20/08)

## I.    INTRODUCTION

On January 29, 2005, Ramon Urbina, Sr., was driving a 1994 Jeep Grand Cherokee southbound on State Route 86 when the vehicle's left front tire separated and caused the vehicle to rollover. First Amended Compl. ("FAC") ¶ 13.  Three of the five passengers died in the accident.  On January 19, 2007, plaintiffs Ramon Urbina, Sr., Ramon Urbina, Jr., Esperanza Gonzalez, Violet Martinez, Santiago Gonzalez, and Veronica Gonzalez filed suit against The Goodyear Tire & Rubber Company ("Goodyear") and Chrysler Jeep.  On August 21, 2008, plaintiffs Ramon Urbina, Jr. (sometimes referred to in the complaint as "Raymond Urbina, Jr."), through his guardian ad litem Esperanza Gonzalez, Esperanza Gonzalez, as successor in interest to decedents Santiago Gonzalez, Maria Gonzalez, Alvin Gonzalez, and Jazmine Martinez, and Veronica Gonzalez filed their FAC against defendants Goodyear and Chrysler LLC alleging claims for strict and negligent products liability, breach of express and implied warranties, bystander recovery of emotional distress, and wrongful death.  FAC ¶¶ 38-61.  On June 7, 2007, defendants removed this case to this Court on the basis of diversity jurisdiction.

On January 20, 2009, defendant Goodyear filed the instant "Objection to Magistrate Judge's Ruling on Nondispositive Matter and Motion for Review."  On January 28, 2009, plaintiffs filed their opposition.  On February 4, 2009, defendant filed its reply.  A hearing was held on February 23, 2009.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

## II.    BACKGROUND

Defendant argues that the used tire that is subject of this litigation is a Goodyear Wrangler AT, size P235/75 R15 manufactured in South America by Goodyear de Chile during the 34th week of 2000.  Mot. at 3.  Defendant further argues that this tire was manufactured pursuant to a single green tire specification and that no other tires were made to this specification by Goodyear anywhere else in the world.  Id.  Defendant contends that Ramon Urbina purchased the tire used from an unknown dealer in Calexico and mounted it on his salvaged 1994 Jeep Cherokee.  Id.  Defendant further contends that on January 29, 2005, Mr. Urbina was driving his Jeep Cherokee when the subject tire experienced a tread separation leading to the accident underlying this case.  Id.

On June 13, 2008, 49 days before the expiration of discovery, plaintiffs served their only written discovery on defendant, which is the discovery at issue in this motion. Id. at 3.  Defendant argues that the discovery was "overbroad" and sought, among other things, production of documents and information concerning the percentage of halogenated butyl used in the formulas for rubber compounds used to manufacture the innerliners of tires at every Goodyear plant over a 10-year period.  Id. at 4.  Defendant further argues that it objected to the production of this "core trade secret."  Id.  Moreover, defendant argues that tires made to different green tire specifications are not similar and are therefore not relevant to the issues framed by the FAC.

On September 28, 2008, this Court approved a protective order circulated by defendant.  With this protective order in place, defendant argues that it produced the following confidential documents with its supplemental responses to plaintiff's request for production: (1) the green tire specification for the subject model tire; (2) the change history regarding the revisions made to the subject green tire specification; (3) a decade's worth of available testing documents for the subject model tire; (4) all available documents regarding inspection procedures in place at Goodyear de Chile; and (5) all available documents concerning x-ray examination procedures in place at Goodyear de Chile.  Id. at 5.  Defendant argues that its discovery responses provide plaintiffs with all of the necessary information regarding the design and manufacture of the subject tire.

On December 30, 2008, Magistrate Judge Carolyn Turchin granted in part and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

denied in part two motions to compel filed by plaintiffs.  Judge Turchin found that

> manufacturing and testing procedures for the same-sized radial, passenger tire made outside of Chile during the relevant time frame could bear on whether Goodyear was negligent in producing the subject tire.

December 20, 2008 Order at 6.  Judge Turchin also found that defendant should disclose the percentage of halogenated butyl used in both the subject tire and defendant's Wrangler AT tire line during the relevant time frame.  Judge Turchin noted that this information would be protected under this Court's broad protective order.  Id. at 7. Judge Turchin further declined to rule on the admissibility of plaintiffs' expert:

> Goodyear also argues at length that plaintiffs' proffered expert, William J. Woehrle, is not qualified to testify on the issues presented in this case. Even if true, this is not conclusive concerning whether the information sought here is relevant to plaintiffs' claims. Any issues concerning experts and any challenge to the admission of testimony, documents, or other evidence shall be raised at the final pretrial conference.

December 20, 2008 Order at 5.

On January 15, 2009, defendant filed motion for reconsideration with Judge Turchin.  On January 16, 2009, Judge Turchin denied defendant's motion for reconsideration.  On January 20, 2009, defendant filed the instant motion with this Court.

## III.   LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to a magistrate judge's non-dispositive order within ten days, and "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."  Rule 3.3.1 of the Local Rules Governing Duties of Magistrate Judges sets forth the same standard.  See also 28 U.S.C. § 636(b)(1)(A); Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

## IV.  DISCUSSION

Defendant argues that the percentages of halogenated butyl used in its compound formulas "represents a closely guarded core trade secret" that it should not have to disclose without a particularized showing by plaintiff that the information sought is both relevant and necessary to the prosecution of the case.[1]  Id. at 6 (citing Hartley Pen Co. v. United States Dist. Court, 287 F.2d 324 (9th Cir. 1961)).  Defendant contends that Judge Turchin erred by failing to make a particularized finding of relevance or necessity before ruling that defendant must divulge its "core trade secret."  Id. at 6 (citing Bridgestone Firestone, Inc. v. Super. Ct., 7 Cal. App. 4th 1384 (1992); Hill v. Eddie Bauer, 242 F.R.D. 556 (C.D. Cal. 2007)).   Defendant further contends that a mere showing of relevance and the existence of a protective order are inadequate to require the disclosure of trade secrets.  Id. at 12.

Defendant further argues that plaintiffs' expert, William Woehrle has admitted that he is "not familiar with the chemical compositions of innerliners and their ability to inhibit the permeation of air through the innerliner."  Id. at 8.  Defendant contends that Judge Turchin found that the opinions of Mr. Woehrle may be considered regardless of his qualifications.  Id. at 8.  Defendant argues that the "conclusory declaration" of an unqualified expert does not amount to a "particularized showing."  Id. at 15.

Moreover, defendant argues that Judge Turchin's order is overly burdensome because it "effectively requires that Goodyear dispatch employees to locate, identify, copy and transmit for production a wide variety of proprietary documents containing information regarding the design, testing and production of a wide variety of different tires manufactured in facilities on several different continents by Goodyear employees speaking several native languages."  Mot. at 9.  Defendant contends that Judge Turchin erred by not making any finding that the subject tire was in any way similar to all of the other tires marketed as Wrangler AT tires of the size P235/75R15.  Id.  Defendant argues

---

[1] James Stroble, a Goodyear employee, declares that Goodyear's formula information is among its most closely guarded trade secrets and is not known to or ascertainable by other tire companies.  Stroble Decl. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

that its expert demonstrated that Goodyear manufactured several different tires under the name "Wrangler AT" and that each variation in design differed substantially from other designs. Id. at 8.

Plaintiffs respond that defendant's motion for reconsideration should be denied because it is not timely. Opp'n at 1. Plaintiffs argue that Judge Turchin stated in her December 30, 2008 order that the parties had ten days to file a motion for review and reconsideration and that defendant did not file this motion until January 20, 2008. Id.

Plaintiffs argue that they have not requested any of defendant's formulas, but rather have "only requested percentages of halogenated butyl, a number." Id. at 5. Plaintiffs further argue that the declarations of William Woehrle and Stephen H. Doorlag establish "sufficient relevancy and necessity for production of documents during discovery." Id.

Plaintiffs further argue that defendant cannot prevent discovery by undermining plaintiffs' expert, Mr. Woehrle. Id. at 6. Plaintiffs contend that defendant's challenge of Mr. Woehrle is more properly addressed in a pre-trial motion or at trial. Id. Plaintiffs argue that, at this stage, Mr. Woehrle's declaration "clearly and unequivocally" identifies the relevancy and necessity of obtaining the percentage of halogenated butyl. Id.

Moreover, plaintiffs argue that defendant has prevented them from obtaining any information regarding substantial similarity. Id. at 6-7. Plaintiffs contend that defendant refused to respond to Special Interrogatory No. 9, which states

Identify any and all data regarding variance from factory to factory of the raw (green) tire specifications for the subject tire.

Id. at 7. Plaintiffs argue that defendant could have addressed this issue six months ago by answering this special interrogatory and producing documents demonstrating that the green tire specifications were not substantially similar. Id. Plaintiffs contend that they cannot demonstrate substantial similarity without this information. Plaintiffs further argue that the "ruse of substantial similarity does not get over the hurdle of Goodyear's standards and specifications for testing and inspection." Id. at 10. Plaintiffs contend that if defendant is manufacturing "cheap" tires in Chile and marketing them as the same tires

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

manufactured in North America, plaintiffs are entitled to present this information to a jury. Id.

Additionally, plaintiffs argue that the discovery ordered by Judge Turchin will not be overly burdensome. Id. at 14. Plaintiffs contend that Goodyear is a multinational corporation that had no trouble obtaining the requested information from Chile. Id. Plaintiffs argue that defendant should similarly have no trouble obtaining the requested information from other factories. Id.

Plaintiffs initially requested information regarding inspections, standards, and testing for "all Goodyear Wrangler AT tires manufactured in Chile and 'manufactured at other facilities and manufactured for various vehicle automobile manufacturers' from 1997. . .through the date production of the tire on plaintiffs' vehicle was terminated." Plaintiff requested this information to help them

(1) compare manufacturing and testing standards for the Goodyear Wrangler AT tire line and thus to evaluate whether Goodyear was "manufacturing cheap tires in Chile as opposed to other manufacturing plants"; and, (2) determine whether there were feasible alternative designs.

Judge Turchin December 20, 2008 Order at 5. Judge Turchin significantly narrowed plaintiffs' request to information pertaining to "Goodyear Wrangler AT radial, passenger-car tire(s) designed for a 15-inch-diameter wheel, with a nominal sectional width of 235 millimeters, and with a ratio of selection width to heigh of 75, and manufactured in 2000." Id. Judge Turchin found that this information was relevant to whether Goodyear was negligent in producing the subject tire. Id. at 6.

The Court concludes that defendant's motion was timely. Judge Turchin entered her final ruling on defendant's motion on January 16, 2009, when she denied defendant's motion for reconsideration. Defendant filed the instant motion on January 20, 2009, within 10 days of January 16, 2009. L.R. 72-2.1.

However, the Court cannot conclude that Judge Turchin's rulings were "clearly erroneous or contrary to law." Plaintiffs bear the burden of establishing that "the trade secret sought is relevant and necessary to the prosecution or defense of the case before a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | | Date | February 23, 2009 |
|---|---|---|---|---|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | | |

court is justified in ordering disclosure." Hartley Pen, 287 F.2d at 331. The Court concludes that Judge Turchin did not err in concluding that plaintiffs met their burden of showing that the percentages of halogenated butyl used in Goodyear's compound formulas are relevant and necessary to the prosecution of plaintiffs case. Plaintiffs have indicated that they need this information to determine whether there were feasible alternative designs. This information is necessary to plaintiffs' design defect claims. Barker v. Lull Engineering Co., 20 Cal. 3d 413, 429 (1978) ("A design defect, by contrast, cannot be identified simply by comparing the injury-producing product with the manufacturer's plans or with other units of the same product line, since by definition the plans and all such units will reflect the same design.") Moreover, unlike the situation in Hartley Pen, there is a broad protective order in place to protect defendant's trade secrets.[2]

The Court further concludes that Judge Turchin did not err by declining to rule on defendant's objection to plaintiffs' expert Mr. Woehrle. Judge Turchin correctly concluded that the qualifications of Mr. Woehrle was not conclusive concerning whether the information sought was relevant and necessary to plaintiffs' claims. Regardless of whether Mr. Woehrle is qualified as an expert, the requested discovery is necessary for plaintiffs' design defect claims.

**V.     CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES defendant's

---

[2] Defendant relies heavily on Bridgestone/Firestone, Inc. v. Superior Court, which is inapposite. 7 Cal. App. 4th 1384 (1992). In that case, the court held that plaintiffs did not meet their burden of showing that the chemical recipe information for defendant's tires was necessary, despite the existence of a protective order, because plaintiffs' expert did not "describe with any precision how or why the formulas were a predicate to his ability to reach conclusions in the case." Id. at 1396. The court further concluded that plaintiffs' expert "had no difficulty concluding that the tire was defective when it left the manufacturer's hands." Id. By contrast, in this case, plaintiffs have demonstrated why this information is necessary to establish a design defect. Moreover, it appears that Mr. Woehrle needs to conduct this analysis to conclude that the subject tire was defective.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3705 CAS (CTx) | Date | February 23, 2009 |
|----------|----------------------|------|-------------------|
| Title | RAMON URBINA, SR.; ET AL. v. THE GOODYEAR TIRE & RUBBER COMPANY; ET AL. | | |

"Objection to Magistrate Judge's Ruling on Nondispositive Matter and Motion for Review."  Defendant is directed to produce all responsive documents which are the subject of this order within thirty (30) days of the date of this order.

    IT IS SO ORDERED.

|       | 00 | : | 11 |
|-------|----|----|----|
| Initials of Preparer | | CMJ | |

cc:    Magistrate Carolyn Turchin